IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 23-cv-00998-CNS-STV

COLUMBIA CASUALTY COMPANY,

    Plaintiff,

v.

VALOR HEALTH NETWORK, LLC;
VALOR HEALTH NETWORK MANAGEMENT SERVICES, LLC;
HEART LIVING CENTERS OF COLORADO, LLC;
HRE COLORADO SPRINGS, LLC, and;
DAVID K. REED,

    Defendants.

## ORDER

This matter is before the Court on Plaintiff Columbia Casualty Company's Motion for Default Judgment against Defendants Valor Health Network, LLC; Valor Health Network Management Service, LLC; Heart Living Centers of Colorado, LLC; HRE Colorado Springs, LLC; and David K. Reed. ECF No. 44. For following reasons, the Court GRANTS the motion in part.

1

## I. BACKGROUND[1]

Plaintiff brings claims for breach of contract, account stated, and unjust enrichment against Valor Health Network (VHN). Plaintiff also brings a claim for negligent misrepresentation against Defendant Reed. *See* ECF No. 1. Plaintiff, Columbia Casualty Company, is an insurance carrier that provides professional liability insurance. *Id.*, ¶ 1. Defendants are members of or different iterations of the same company, which owned and managed healthcare facilities.[2] *Id.*, ¶ 12.

Plaintiff issued two policies of professional liability insurance to Valor Health Network. ECF No. 44-12, 44-14. The policies outlined VHN's varying deductible obligations to Plaintiff for different liabilities, ranging from $25,000 to $100,000 per claim. *See id.* During the period of coverage, Defendants filed six claims with Plaintiff. ECF No. 1, ¶¶ 19, 29, 38, 47, 56, 65. In response to each claim, Plaintiff met its contractual obligations by providing insurance coverage for the liabilities set forth in the agreements. *Id.*, ¶¶ 20, 30, 39, 48, 57, 66. Plaintiff provided VHN with approximately seventy weeks to remit payment of their deductible obligations. ECF No. 1, ¶¶ 23, 33, 42, 51, 60, 69. VHN failed to remit payment on any of the claims within that time frame. *Id.*, ¶¶ 24, 37, 46, 55, 64, 73.

---

[1] The background facts in this Order are drawn from Plaintiff's Complaint, ECF No. 1; Plaintiff's Motion for Entry of Default Judgment, ECF No. 13; and Plaintiff's Motion for Default Judgment and its attached exhibits, ECF No. 44.

[2] Defendants originally filed for insurance coverage with Plaintiff under the name Heart Living Centers, a parent organization that consisted of Heart Living Centers of Colorado, LLC, and HRE Colorado Springs, LLC. ECF No. 1, ¶ 11, 12. In 2019, Defendants rebranded their business from Heart Living Centers to Valor Health Network (VHN), which consists of Valor Health Network, LLC, and Valor Health Network Management Services, LLC. *Id.*, ¶ 11. Defendants continued operations under the VHN name. *Id.* Plaintiff treats these corporations as a single actor, so the Court will do the same.

Plaintiff's claim recovery unit contacted VHN in August 2021, inquiring about the overdue deductible balances. ECF No. 44-16 at 2. VHN promised Plaintiff that five of the six outstanding deductible balances would be paid following the sale of VHN's facility located in Colorado Springs, Colorado (the Facility). ECF No. 1, ¶¶ 35, 44, 53, 62, 71. On August 25, 2021, Lauren Hawcroft, the CFO of VHN, confirmed with Plaintiff via email that the outstanding deductibles for the two policies were due and listed in her books to pay. *See* ECF No. 44-9, ¶¶ 66–68; ECF No. 44-16 at 1. On May 4, 2023, following the filing of this suit, CFO Hawcroft responded to Plaintiff's counsel and represented that her statements made on August 25, 2021 were "100% based on discussions [she] had with ownership on what items were planned to be paid by the escrow [of the Facility] when the funds were released to pay debts." ECF No. 44-17 at 2. Although VHN successfully completed the sale of the Facility, it failed to remit payment on any of the outstanding balances owed to Plaintiff. *See* ECF No. 44-9.

As of March 26, 2024, VHN owed Plaintiff a balance of $500,000 in outstanding deductibles and $106,632.21 in interest accrued on unpaid claims. ECF No. 44-9 ¶¶ 71–72. Plaintiff filed this lawsuit on April 20, 2023 to claim the unpaid balance. ECF No. 1. VHN and Defendant Reed have not responded to this suit.[3]

---

[3] The parties stipulated to dismiss Defendant Kurt Ravenstein, the only Defendant to respond, so there are currently no active Defendants. ECF No. 32. Because there are no active defendants, the *Frow* rule, which bars default judgment if there are other active defendants, does not apply and default judgment may be entered against the remaining defendants. *See Frow v. De La Vega*, 82 U.S. 552, 554 (1872); 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2690, at 455-56 (1983) ("when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against him until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted.").

## II.  LEGAL STANDARD

Motions for default judgement are governed by Rule 55 of the Federal Rules of Civil Procedure. The moving party must first file a motion for default with the Clerk of the Court, and then file for default judgment. *Id*. "A party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the sound judicial discretion of the court." *Villanueva v. Acct. Discovery Sys., LLC*, 77 F. Supp. 3d 1058, 1066 (D. Colo. 2015) (internal quotations omitted). "Strong policies favor resolution of disputes on their merits," and default judgment should be "available only when the adversary process has been halted because of an essentially unresponsive party." *In re Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (citations and quotations omitted).

To enter default judgment, a court must have both personal jurisdiction over each defaulting defendant and subject matter jurisdiction over the action. *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986). If jurisdiction is proper, the Court must decide whether judgment is supported by a sufficient basis in the pleadings, meaning that the plaintiff has alleged sufficient facts to support the claims. *Tripodi v. Welch*, 810 F.3d 761, 765 (10th Cir. 2016). The complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (citations and quotations omitted); *see also Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) ("[I]t remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." (internal quotations omitted)).

When deciding on a motion for default judgment, the Court accepts all well-pleaded factual allegations in the complaint as true. *Olcott v. Del. Food Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003). Undisputed facts alleged in the affidavits or exhibits are also deemed true. *Id.* at 1124. If the plaintiff fails to allege facts in support of a claim, the plaintiff cannot prevail on default judgment on that claim. *See Magic Carpet Ski Lifts, Inc. v. S&A Co., Ltd*, No. 14-cv-02133-REB-KLM, 2015 WL 4237950, at *15–16 (D. Colo. June 8, 2015). A plaintiff who sufficiently alleges facts in support of a claim must also establish their damages by "adequately reflect[ing] the basis for the award as supported by the evidence in the record." *Behav. Analyst Certification Bd., Inc. v. Solis*, No. 21-cv-02131-NYW-STV, 2022 WL 17736781, at *5 (D. Colo. Dec. 16, 2022).

### III.  ANALYSIS

Having considered Plaintiff's Motion for Default Judgment, ECF No. 44, the complaint, ECF No. 1, exhibits attendant to Plaintiff's motion, and relevant legal authority, the Court grants Plaintiff's Motion for Default Judgment in part.

#### A.  Jurisdiction

Before considering whether default judgment is appropriate, the Court must first establish both subject matter jurisdiction over the claims and personal jurisdiction over all the named defendants. *Williams*, 802 F.2d at 1203. For the reasons set forth below, the Court has subject matter jurisdiction over this action and personal jurisdiction over all Defendants.

*1. Subject Matter Jurisdiction*

Plaintiff alleges that the Court has subject matter jurisdiction over this matter. The Court agrees. The Court has subject matter jurisdiction over an action when there is complete diversity between the parties. 28 U.S.C. § 1332(a)(1). Diversity jurisdiction exists when the suit is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Plaintiff is incorporated in Illinois with a principal place of business in Illinois, so Plaintiff is a citizen of Illinois. ECF No. 1, ¶ 1; 28 U.S.C. § 1332(c).

The citizenship of a limited liability company is determined by the membership of each of its members. *Gwilt v. Harvard Square Ret. & Assisted Living*, 537 F. Supp. 3d 1231, 1245 (D. Colo. 2021). Defendant Valor Health Network, LLC is incorporated in Colorado with a principal place of business in Crested Butte, Colorado. ECF No. 1, ¶ 2. The only known members of VHN are Defendants David K. Reed and Kurt Ravenstein. *Id*. Mr. Reed is a citizen of Indiana, and Mr. Ravenstein is a citizen of Texas. *Id*. Defendant Valor Health Network Management Services, LLC has only one known member, Defendant David Reed. ECF No. 1, ¶ 3. Heart Living Centers of Colorado, LLC has only one known member, Heart Living Centers, LLC. ECF No. 1, ¶ 4. Heart Living Centers, LLC is incorporated in Kansas. *Id*. The only known member of Heart Living Centers, LLC is Heart Investments, LLC. *Id*. The only known members of Heart Investments, LLC are Defendants Reed and Ravenstein. *Id*. Accordingly, because each of Defendants' members are citizens of Indiana, Texas, Kansas, and Colorado, and none are citizens of

6

Illinois, the parties are diverse for the purposes of establishing diversity jurisdiction. 28 U.S.C. § 1332(a).

Plaintiff seeks to recover damages including six outstanding deductible balances totaling $500,000 and $106,632.21 in interest. ECF No. 44-9, ¶¶ 71–72. Accordingly, the matter in controversy exceeds $75,000, and the Court concludes that it has subject matter jurisdiction pursuant to § 1332.

*2. Personal Jurisdiction*

The Court also has personal jurisdiction over Defendants. The moving party bears the burden of proof to show that the Court has jurisdiction over Defendants under Colorado's long arm statute. *Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1228 (10th Cir. 2020). To analyze personal jurisdiction in federal court, a court must determine (1) the adequacy of the service, including "whether any applicable statute authorizes the service of process on [the Defendant]" and (2) "whether the exercise of such statutory jurisdiction comports with constitutional due process demands." *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008).

In the context of default judgement, the petitioner "need only make a *prima facie* showing on these two questions if the motion is decided only on the basis of the parties' affidavits and other written materials." *Dennis*, 115 F.3d at 773; *see also Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992) (explaining that well-pled allegations in a complaint are accepted as true for purposes of determining personal jurisdiction at the pleading stage).

For the reasons set forth below, the Court determines that Plaintiff has met these jurisdictional requirements.

####    a. Service of Process

"The Court must first address the adequacy of service in deciding whether it has personal jurisdiction over Defendant." *Reg'l Dist. Council v. Mile High Rodbusters, Inc.*, 82 F. Supp. 3d 1235, 1241 (D. Colo. 2015). Service on an LLC may be accomplished "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. . . ." Fed. R. Civ. P. 4(h)(1)(B). Service may be perfected by certified mail if an entity's registered agent cannot, with reasonable diligence, be served. *See* C.R.S. § 7-90-704(2).

Defendants Valor Health Network, Valor Health Network Management Services, Heart Living Centers of Colorado, and HRE Colorado Springs are all limited liability companies. ECF No. 1, ¶¶ 2–5. Plaintiff served a copy of the summons and complaint on Defendants Heart Living Centers of Colorado and HRE Colorado Springs through their registered agent, CFO Hawcroft. ECF No. 44-5, 44-6. A copy of the summons and complaint were also served on Defendants Valor Health Network and Valor Health Network Management Services at VHN's corporate office through its registered agent. ECF No. 44-3, 44-4. The Court therefore finds that the member organizations of VHN were properly served in accordance with Fed. R. Civ. P. 4(h).

As to Defendant Reed, an individual, other than a minor, incompetent person, or person whose waiver has been filed, may be served by delivering a copy of the summons

8

and complaint to the individual personally. Fed. R. Civ. P. 4(e)(2). Defendant Reed was personally served a copy of the summons and Complaint at his residence in Indiana. ECF No. 44-7. The Court therefore finds that Defendant Reed was properly served in accordance with Fed. R. Civ. P. 4(e).

### b. Due Process

"The assumption of personal jurisdiction over a non-resident defendant . . . involves a two-step inquiry. First, the defendant must be amenable to service of process under the forum state's long arm statute . . . Second, the exercise of jurisdiction must comport with due process." *Allison v. Wise*, 621 F. Supp. 2d 1114, 1117 (D. Colo. 2007) (internal citations omitted). "Because the Colorado long-arm statute extends personal jurisdiction within the state as far as the federal constitutional requirements of due process permit . . . the analysis collapses into a single inquiry as to whether the requirements of due process are satisfied." *Id.* (citing *Keefe v. Kirschenbaum & Kirschenbaum, P.C.*, 40 P.3d 1267, 1270 (Colo. 2002)).

The Supreme Court has held that, "to exercise jurisdiction in harmony with due process, defendants must have 'minimum contacts' with the forum state, such that having to defend a lawsuit there would not 'offend the traditional notions of fair play and substantial justice.'" *Dudnikov*, 514 F.3d at 1070 (quoting *Int'l Shoe Co. V. Washington*, 326 U.S. 310, 316 (1945)). Courts may use general jurisdiction "only when a defendant is 'essentially at home' in the State." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021). Specific jurisdiction can be found when a defendant "purposefully avails itself to the privilege of conducting activities within the forum state." *Id.* at 359. "The

contacts must be the defendant's own choice and . . . [plaintiff] must show that the defendant deliberately 'reached out beyond' its home—by, for example . . . entering a contractual relationship centered there." *Id.* "If sufficient minimum contacts exist [it] must [be] determine[d] . . . whether the exercise of personal jurisdiction over the non-resident defendant would comport with fair play and substantial justice." *Allison*, 621 F. Supp. 2d at 1117 (citations omitted).

Plaintiff alleges that the Court maintains general personal jurisdiction over VHN and specific personal jurisdiction over Defendant Reed. The Court agrees. "An LLC is 'at home' in its state of organization and is therefore subject to general personal jurisdiction within that state consistent with the Due Process Clause." *Avus Designs, Inc. v. Grezxx, LLC*, 644 F. Supp. 3d 963, 978 (D. Wyo. 2022) (citing *Dailmer AG v. Bauman*, 571 U.S. 117, 139 (2014)). Each member organization of VHN is organized under the laws of the State of Colorado. ECF No. 1, ¶¶ 2–5. Thus, each member organization of VHN is "at home" in Colorado and the Court's exercise of personal jurisdiction over them is appropriate.

"The minimum contacts test for specific personal jurisdiction has two requirements: (1) a defendant must have purposefully directed its activities at residents of the forum state, and (2) the plaintiff's injuries must arise out of the defendant's forum related activities." *Dental*, 946 F.3d at 1229 (quotation and citation omitted). This test governs the jurisdictional analysis of both corporate and individual defendants. *See e.g. Newsome v. Gallacher*, 722 F.3d 1257, 1269 (10th Cir. 2013) (assessing specific personal jurisdiction pursuant to these standards).

10

While Defendant Reed is a citizen of the State of Indiana with his principal residence in Indiana, he is a member of every member organization of VHN. ECF No. 1, ¶¶ 2–5. As a member of four LLCs operating in the State of Colorado, Defendant Reed clearly does business within the state and therefore has purposefully availed himself of the forum. Additionally, Plaintiff's injuries arose out of Defendant Reed's activities within the forum because all of the insurance claims were filed in Colorado. *See* ECF No. 1. As such, Plaintiff has made a *prima facie* showing that this court has both subject matter jurisdiction and personal jurisdiction over each of the Defendants.

### B.  Default Judgment

Having established subject matter jurisdiction over this matter and Defendants, the Court must next decide "whether the unchallenged facts constitute a legitimate cause of action," such that default judgment should be entered. *Bixler*, 596 F.3d at 762 (quotation omitted).

#### 1.  Claim One: Breach of Contract

Plaintiff first alleges a breach of contract claim. In Colorado, a party attempting to recover on a breach of contract claim must prove the following elements: "(1) the existence of a contract; (2) performance by the plaintiff or some justification for nonperformance; (3) failure to perform the contract by the defendant; and (4) resulting damages to the plaintiff." *McAuliffe v. Vail Corp.*, 69 F.4th 1130, 1144–45. (quoting *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992)).

Here, Plaintiff has sufficiently pleaded facts to support its breach of contract claim. First, Plaintiff establishes the existence of two contracts between itself and VHN. *See*

ECF No. 44-12; 44-14. Second, Plaintiff establishes that it fulfilled its contractual obligations by providing insurance coverage for certain liabilities in response to each claim filed by VHN. *See* ECF No. 44-9. Third, VHN failed to perform its contractual obligations by not paying any of the deductibles owed to Plaintiff per the insurance policy. *See id*. As a result of Defendants' breach of contract, Plaintiff suffered $606,632.21 in damages. *Id*., ¶ 73. Because Plaintiff has pleaded unchallenged facts showing (1) the existence of a contract, (2) Plaintiff's performance, (3) Defendant's failure to perform, and (4) alleged damages, Plaintiff has substantiated each material element of its claim for breach of contract.

   2. *Claim Two: Account Stated*

Plaintiff's second claim is for account stated. An account stated is defined as "an agreement between parties who have had previous transactions of a monetary character that all the items of the account representing such transactions, and the balance struck, are correct, together with a promise, express or implied, for the payment of that balance." 1A C.J.S. *Account Stated* § 1 (2024).

Under Colorado law, to state a claim for account stated the plaintiff must plead facts showing that "there [was] an accounting between the parties, a balance struck, and a promise, express or implied, to pay such balance to the plaintiff." *Mace v. Spaulding*, 130 P.2d 89, 90 (Colo. 1942). Plaintiff cites a single 120-year-old case from the Eighth Circuit in support of its claim for account stated. *See* ECF No. 44-1 at 9. While Plaintiff's cited authority is of minimal importance, this Court is compelled to agree that Plaintiff's allegations support a claim for accounts stated.

As established above, VHN failed to fulfill their contractual obligations by failing to pay the outstanding deductible balances owed to Plaintiff. *See* ECF No. 1. VHN CFO Hawcroft confirmed with Plaintiff via email that the outstanding balances sought by Plaintiff were accurate. ECF No. 44-16 at 2, 5. Furthermore, CFO Hawcroft directly communicated to Plaintiff that she was planning to pay the balance using the escrow funds from the sale of the Facility. *Id.* at 2. Thus, Plaintiff has sufficiently pleaded facts to support its account stated claim.

### 3. Claim Three: Negligent Misrepresentation

Plaintiff brings a claim of negligent misrepresentation against Defendant Reed. "To state a claim for negligent misrepresentation, a plaintiff must plausibly allege that: (1) the defendant negligently gave false information to the plaintiff; (2) the plaintiff reasonably relied on the false information; and (3) this reliance was a cause of . . . harm to the plaintiff . . . ." *Dean v. Wright Med. Tech.*, 593 F. Supp. 3d 1086, 1095 (D. Colo. 2022). Courts in this Circuit have held that because negligent misrepresentation claims are grounded in fraud, they must meet the stringent requirements set forth in Fed. R. Civ. P. 9(b), which requires that fraud claims be pleaded with particularity. *See e.g. Heaton v. Am. Brokers Conduit*, 496 Fed. Appx. 873, 876 (10th Cir. 2012) (affirming district court's decision that plaintiff "fatally failed to plead his fraud and negligent misrepresentation claims with particularity as required by [Fed. R. Civ. P.] 9(b)").

"Allegations of fraud may be based on information and belief when the facts in question are peculiarly within the opposing party's knowledge and the complaint sets forth the factual basis for the plaintiff's belief." *Scheidt v. Klein*, 956 F.2d 963, 967 (10th Cir.

13

1992). The Tenth Circuit has held that "Rule 9(b) requires only the identification of the circumstances consisting of fraud, and that it does not require any particularity in connection with an averment of intent, knowledge, or condition of mind." *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997) (citations omitted). Simply stated, Fed R. Civ. P. 9(b) requires a plaintiff to "set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Toone v. Wells Fargo Bank, N.A.*, 716 F.3d 516, 522 (10th Cir. 2013) (quotations omitted).

Plaintiff's allegations against Defendant Reed are insufficient to meet the particularity standard required by Fed. R. Civ. P. 9(b). All of Plaintiff's allegations contained within its negligent misrepresentation claim are based on information and belief. *See* ECF No. 1 ¶¶ 93–111. The complaint does not set forth a factual basis on which Plaintiff's belief is founded, and Plaintiff provides no concrete evidence to support its belief that Defendant Reed was involved in the alleged misrepresentations, which were made by CFO Hawcroft. *See id.*

Indeed, Plaintiff provides a single communication between itself and Defendant Reed that is irrelevant to this claim.[4] *See* ECF No. 44-11 at 3–4. Yet, in the allegations specific to Plaintiff's negligent misrepresentation claim, Plaintiff relies solely on communications between Plaintiff and CFO Hawcroft. *See* ECF No. 1. CFO Hawcroft confirmed with Plaintiff via email that the deducible obligations were owed and would be

---

[4] The communication Plaintiff provides between its agents and Defendant Reed contains no discussion of VHN's outstanding deductible balances to Plaintiff. *See* ECF No. 44-11 at 3–6. In the communication, Defendant Reed confirms that Heart Living Center of Colorado, LLC, has rebranded to Valor Health Network, and offers to send Plaintiff VHN's Articles of Organization for Plaintiff's records. *See id.*

paid from the escrow fund following the sale of VHN's Facility. ECF No. 1, ¶¶ 96–98. Plaintiff alleges that CFO Hawcroft knew or should have known that her statements regarding the sale of the Facility were false. ECF No. 1, ¶ 100. VHN completed the sale of the Facility and failed to settle the deductible balances. ECF No. 1, ¶¶ 36, 37, 45, 46, 54, 55, 63, 64, 72, 73. While Plaintiff does allege that Defendant Reed "continues to direct, approve and cooperate in this negligent conduct by refusing to release funds and/or cooperating in releasing the funds from the sale of the Facility to pay the outstanding deductibles," ECF No. 1, ¶ 102, it provides no concrete evidence to support its belief that Defendant Reed "was aware of and participated in [CFO] Hawcroft's misrepresentations to [Plaintiff]." ECF No. 1, ¶ 101.

Plaintiff does not identify any alleged misrepresentations made by Defendant Reed, and thus does not identify the time or place as required by Rule 9(b). Plaintiff also does not plead any facts to illustrate how Defendant Reed allegedly participated in CFO Hawcroft's misrepresentations, nor does Plaintiff plead any facts on how Defendant Reed allegedly "continues to direct, approve and cooperate in this negligent conduct. . . ." ECF No. 1, ¶ 102. The only misrepresentation Plaintiff alleges to have relied upon came from CFO Hawcroft, not Defendant Reed. ECF No. 1, ¶¶ 96–98.

For the reasons set forth above, Plaintiff did not plead with sufficient particularity to support a judgment of negligent misrepresentation against Defendant Reed.

    4.  *Claim Four: Unjust Enrichment*

Plaintiff brings a claim for unjust enrichment against VHN but concedes that judgment may not be entered against Defendants as to both its claim for breach of

contract and for unjust enrichment. ECF No. 44-1 at 12; *see Cross Country Land Servs. v. PB Telecomms., Inc.*, 276 Fed. Appx. 825, 834 (10th Cir. 2008) ("[i]n general, a party cannot recover for unjust enrichment by asserting a quasi-contract when an express contract covers the same subject matter because the express contract precludes any implied-in-law contract."). "Colorado courts have recognized two exceptional circumstances where a party could recover based on an unjust enrichment claim despite the existence of an express contract covering the same subject matter: (1) when the express contract fails or is rescinded, or (2) the claim covers matters that are outside of or arose after the contract." *McAuliffe,* 69 F.4th at 1153 (citations omitted). As neither exception is applicable, the Court declines to grant default judgment on Plaintiff's unjust enrichment claim.

## VI.  CONCLUSION

For the reasons set forth above, Plaintiff's Application for Entry of Default and Judgment, ECF No. 44, is GRANTED in part. The Court ORDERS the following:

1. Default judgment against Defendants Valor Health Network, LLC; Valor Health Network Management Service, LLC; Heart Living Centers of Colorado, LLC; and HRE Colorado Springs, LLC on Plaintiff's claims of breach of contract and account stated in the amount of $606,632.21 consisting of:

    a. Payment of Defendants' outstanding deductible balances in the amount of $500,000.

    b. Interest accrued on the outstanding deductibles, calculated at eight percent (8.0%) pursuant to Colo. Rev. State. § 5-12-102, in the amount of $106,632.21.

2. The Clerk of the Court is directed to enter final judgment in favor of Plaintiff against Defendants Valor Health Network, LLC; Valor Health Network Management Service, LLC; Heart Living Centers of Colorado, LLC; and HRE Colorado Springs, LLC, in the amount of $606,632.21.

3. Plaintiff is awarded post-judgment interest on the foregoing sums from the date judgment is entered at the rate set by 28 U.S.C. § 1961.

DATED this 31st day of July 2024.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge